IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY** § § | | |
| **Plaintiff** | | |
| | § | |
| VS. | § | C.A. No. **9:24-cv-0068** |
| | § | |
| **PEGGY WILLMAN AND JERRY HUFF** | § | |
| **Defendants** | | |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Jerry Huff ("Huff"), Defendant herein, files Defendant's Original Answer to Plaintiff's Complaint and responds to the specifically numbered paragraphs in Plaintiff's Original Complaint as follows:

#### A.    PARTIES

1.   Defendant lacks knowledge or information sufficient to for a belief about the truth of the allegations in paragraph 1 in Plaintiff's Original Complaint (Plaintiff's "Complaint" and accordingly denies them.

2.   Defendant admits the allegation that Defendant Peggy Willman is a citizen of Texas as set forth in paragraph 2, but denies the remainder of paragraph 2.

3.   Defendant admits the allegations set forth in paragraph 3.

#### B.    JURISDICTION AND VENUE

4.   Paragraph 4 in Plaintiff's Complaint states a legal conclusion to which a response is not required. To the extent a response is deemed required, Defendant denies that this Court has jurisdiction over it in this action.

5.   Paragraph 5 in Plaintiff's Complaint states a legal conclusion to which a response is not required.

6.   Defendant admits as alleged in paragraph 5 of Plaintiff's Complaint both he and Willmon reside in this District.

#### C.    OPERATIVE FACTS

7. Defendant admits the facts stated in paragraph 6 of Plaintiff's Complaint to the extent of his knowledge or information that he has.

8. Defendant admits that the Policy proceeds are $307,000.00 as stated in paragraph 7 of Plaintiffs Complaint and the Insured died on September 21, 2022 as state in Paragraph 8 of Plaintiffs Complaint.

9. Defendant admits the allegations set forth in first sentence of paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in the second sentence of paragraph 9 of Plaintiff's Complaint, but denies the Beneficiary Designation was fraudulent.

11. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in third sentence of paragraph 9 of Plaintiff's Complaint.

12. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in first sentence of paragraph 10 of Plaintiff's Complaint.

13. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in second sentence of paragraph 10 of Plaintiff's Complaint.

14. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in third sentence of paragraph 10 of Plaintiff's Complaint.

15. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in forth sentence of paragraph 10 of Plaintiff's Complaint.

16. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in fith sentence of paragraph 10 of Plaintiff's Complaint.

17. Defendant admits Minnesota Life is a disinterested stake holder as alleged set forth in sixth sentence of paragraph 10 of Plaintiff's Complaint.

D. **CAUSES OF ACTION**

**INTERPLEADER**

18. Defendant incorporates its responses to paragraphs 6 through 16 in Plaintiff's Complaint as if fully set forth herein.

19. Paragraph 11 in Plaintiff's Complaint states a legal conclusion to which a response is not required. To the extent a response is deemed required, Defendant lacks

knowledge or information to form a belief about the truth of the allegations set forth in first sentence of paragraph 11 of Plaintiff's Complaint.

20. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in second sentence of paragraph 11 of Plaintiff's Complaint.

21. Paragraph 11 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in third sentence of paragraph 11 of Plaintiff's Complaint.

## DECLARATORY JUDGMENT

22. Defendant incorporates its responses to paragraphs 6 through 16 in Plaintiff's Complaint as if fully set forth herein.

23. Paragraph 12 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in first sentence of paragraph 12 of Plaintiff's Complaint.

24. Paragraph 12 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in second sentence of paragraph 12 of Plaintiff's Complaint.

## ATTORNEY FEES

25. Paragraph 13 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in first sentence of paragraph 12 of Plaintiff's Complaint.

## REQUEST FOR RELIEF
## PRAYER

26. The allegations set forth (a) of paragraph 14, no response is required.

27. The allegations set f forth in (b) of Paragraph 14 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in (b) of paragraph 14 of Plaintiff's Complaint.

28. The allegations set forth in (c) of Paragraph 14 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in (c) of paragraph 14 of Plaintiff's Complaint.

29.     The allegations set forth in (d) of Paragraph 14 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in (d) of paragraph 14 of Plaintiff's Complaint.

30.     The allegations set forth in (d) of Paragraph 14 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in (d) of paragraph 14 of Plaintiff's Complaint.

31.     The allegations set forth in (f) of Paragraph 14 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in (f) of paragraph 14 of Plaintiff's Complaint.

32.     The allegations set forth in (g) of Paragraph 14 in Plaintiff's Complaint states a legal conclusion to which a response is not required. Defendant lacks knowledge or information to form a belief about the truth of the allegations set forth in (g) of paragraph 14 of Plaintiff's Complaint.

**SUBJECT TO AND WITHOUT WAIVING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**
**DEFENDANT JERRY HUFF FILES THIS CROSS-CLAIM AGAINST PEGGY WILLMAN**
**DECLARATORY JUDGMENT**

33.     Defendant/Cross-Plaintiff Jerry Huff incorporates his responses to paragraphs 6 and 7 to Plaintiff's Complaint.

34.     Roy Willman (the "Insured") was covered under a Group Accidental Death and Dismemberment Insurance Policy No. 395207-G-US278 (the "Group Policy") which was issued by Minnesota Life to eligible members of NFCU.  The Insured elected coverage on August 10, 2020, and designated Huff (his son-in-law) as beneficiary (the "Beneficiary Designation").

35.     Minnesota Life has asserted that at the time of the Insured's death, the Group Policy provided the Insured with $307,000.00 in AD&D insurance coverage (the "Policy Proceeds").

36.     The Insured died on September 21, 2022.

37. Huff has made a claim to Minnesota Life for the Policy Proceeds based on the Beneficiary Designation. Minnesota Life has not paid the Policy Proceeds to Huff. Minnesota Life has claimed it has not paid the Policy Proceeds to Huff because Peggy Willmon (Defendant/Cross-Defendant) has also made a claim for all or a part of the Policy Proceeds.

38. Huff requests the Court to adjudicate that he is entitled to payment of the Policy Proceeds, his rights thereunder, and to thereafter award such proceeds that the Court finds him legally entitled to.

39. Attorney's Fees.  Huff has retained the services of the undersigned attorneys to prosecute this action.  Huff seeks recovery of all of its reasonable attorney's fees and court costs incurred in this action.

## PRAYER

WHEREFORE, Jerry Huff prays that the Court enter judgment in his favor and against Plaintiff and Willmon, enter an order declaring Defendant/Cross-Plaintiff Huff the party rightfully and legally entitled to receive the Policy Proceeds, award Defendant/Cross-Plaintiff Huff his costs of court and attorney fees, and grant Defendant/Cross-Plaintiff Huff all other relief to which he may be entitled.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.

By: /s/ Kirk Mathis
Kirk Mathis
State Bar No. 24006078
kmathis@cmzlaw.net
Chad B. Vier
State Bar No. 90002002
cvier@cmzlaw.net
P.O. Box 340
Lufkin, Texas 75902-0340
Phone: (936) 632-7778
Fax: (936) 632-1304
ATTORNEYS FOR DEFENDANT
JERRY HUFF

6 | P a g e

## CERTIFICATE OF SERVICE

I certify that, on May 28, 2024, the above document was filed using the Court's ECF system. Service on all counsel of record for all parties listed below was accomplished using the Court's Notice of Electronic Filling system and/or by email.

*/s/ Kirk Mathis*
Kirk Mathis
